IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR No. 16-137 |
| v. | ) |

LATEL SMITH

## MEMORANDUM ORDER

Defendant, proceeding pro se, has filed a Motion for Compassionate Release pursuant to the First Step Act ("FSA"), 18 U.S.C. 3582. The Federal Public Defender's office declined to file a supplement, and the Government has responded to the Motion. Defendant's submission has been considered pursuant to well-established liberal standards applicable to pro se litigants. Defendant is presently incarcerated at FCI Hazelton, serving a sentence of ten years. Sentence was imposed on June 28, 2016.

A district court has limited authority to modify a sentence. Under the FSA, prisoners may request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). The statute provides, in pertinent part, as follows:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction….

18 U.S.C. §3582(c)(1)(A)(i) (emphasis added).

In <u>United States v. Raia</u>, 954 F. 3d 594 (3d Cir. Apr. 2, 2020), our Court of Appeals held that courts cannot consider requests for compassionate release under the FSA until a prisoner has exhausted his administrative remedies, including allowing 30 days for the BOP to respond to a request for release. In so doing, the Court of Appeals emphasized the BOP's statutory role and extensive efforts to control the spread of COVID-19. In this context, the "exhaustion requirement takes on added – and critical – importance." <u>Id.</u> at 507. Thus, a failure to exhaust "presents a glaring roadblock foreclosing compassionate release…." <u>Id.</u> Accordingly, the BOP must be given an opportunity to address the issues in the first instance before the Defendant can seek relief in this Court.

As the Government points out, Defendant's Motion does not suggest that he has commenced administrative proceedings or given the Bureau of Prisons ("BOP") 30 days to process his request for relief, as required by § 3582(c)(1)(A). Indeed, the Government represents that as of October 27, 2020, the BOP had no record of Defendant submitting a request for compassionate release. For these reasons, Defendant's Motion is denied, without prejudice to Defendant to seek relief following the exhaustion of his administrative remedies.[1]

AND NOW, this 29th day of October, 2020, IT IS SO ORDERED.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
Senior Judge, U.S. District Court

---

[1] As Defendant's Motion is denied on exhaustion grounds, I need not consider whether he has presented extraordinary and compelling circumstances that warrant relief.

2