IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES )
) CR No. 16-137
v. )
LATEL SMITH )

**MEMORANDUM ORDER**

Defendant, proceeding *pro se*, filed a Motion for Compassionate Release pursuant to the First Step Act ("FSA"), 18 U.S.C. § 3582. (ECF No. 24). By Order dated October 29, 2020, the Motion was denied for failure to exhaust. (ECF No. 29). The Defendant then filed a Supplemental Motion for Compassionate Release. (ECF No. 30). By Order dated March 26, 2021, this Court denied the Supplemental Motion for Compassionate Release. (ECF No. 34). The Defendant has now filed a Motion for Reconsideration of the Order denying Supplemental Motion for Compassionate Release. (ECF No. 35). The Government has filed a Response. (ECF No. 38). After careful consideration and keeping in mind the well-established liberal standards applicable to *pro se* litigants, the Motion is denied.

A court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582 if, having determined that the defendant has exhausted his administrative remedies, and after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13.[1] According to pertinent application notes, circumstances that might constitute extraordinary and compelling reasons include "a serious physical or medical condition."

---

[1] While the Sentencing Commission's policy statement is not dispositive, it constitutes "helpful guidance." *United States v. Doolittle*, 2020 U.S. Dist. LEXIS 127801, at *6 (D. N.J. July 21, 2020).

1

*Id.* at comment. n. 1(A), (C). In addition, any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" may exist based on the defendant's serious physical or medical condition, if that condition substantially diminishes his ability to provide self-care within the correctional facility environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, comment. n. 1(A)(ii)). In this case, Defendant asserts that he suffers from obesity- a weight of 264 pounds and a Body Mass Index ("BMI") of 34.0-34.9 as well as chronic stress syndrome. (ECF No. 35, Ex. 1). According to the Centers for Disease Control, people who suffer from obesity are at an increased risk of severe illness from the virus that causes COVID-19. www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed June 28, 2021). CDC guidance defines obesity as having a body mass index (BMI) of 30 or higher. The Defendant's BMI falls within the CDC's definition of obesity.[2]

Without deciding whether these conditions might otherwise have qualified as "extraordinary and compelling" reasons supporting a reduction in sentence, I find that they do not under the present circumstances. The Government has provided proof that the Defendant declined to be vaccinated when presented with the opportunity. (ECF No. 38, Ex. 1). There is no indication that his decision to refuse the vaccine was based upon a religious reason or a medical reason such as an allergy. Rather, he simply refused.

The Defendant bears the burden of demonstrating his entitlement to relief. His unexplained refusal to accept a COVID-19 vaccination when offered negates any

---

[2] The Defendant has not provided any evidentiary support for his claim of chronic stress syndrome.

otherwise compelling medical reason for release. *United States v. Jackson*, Crim. No., 7-40-2, 2021 WL 1145903, at * 2 ((E.D. Pa. Mar. 25, 2021) ("Jackson has voluntarily declined to 'provide self-care' and mitigate her risk of a severe COVID-19 infection"). *See also, United States v. Oritz*, Crim. No. 18-264, 2021 WL 1422816, at * 4 (E.D. Pa. April 15, 2021) (recognizing that: if (i) a petitioner has a 'serious physical or medical condition' that poses risks which might constitute extraordinary and compelling circumstances justifying release, but (ii) he also refuses an available and highly efficacious vaccine that almost entirely mitigates those risks, then (iii) he can no longer be said to suffer from a serious physical or medical condition 'that *substantially diminishes [his]ability … to provide self-care within the environment of a correctional facility*.'") (*italics in original*); *United States v. Brinson*, Crim. No. 19-153, 2021 WL 2451970, at * 2 D. N.J. June 16, 2021) (denying motion for compassionate release where defendant declined vaccine); *United States v. Nelson*, Crim. No. 18-300, 2021 WL 2253524, at * 2 (D. N.J. June 3, 2021) ("[r]egardless of Defendant's medical conditions, however, because he was offered and refused the COVID-19 vaccine … he cannot establish that 'compelling and extraordinary reasons' justify his release.") and *United States v. Lamont Fitzpatrick*, Crim. No. 19-357, 2021 WL 2201683, at * 1-2 (D. N.J. May 28, 2021) (finding that the defendant failed to meet his burden of demonstrating extraordinary and compelling circumstances where he refused to be vaccinated). "To be clear, the Court does not purport to lecture Defendant that he should or should not take the vaccine; this is a personal choice for Defendant to make as he sees fit. What the Court is saying, rather, is that when a movant insists that his health and well-being require that he be (compassionately) released from incarceration

to counter the risk of COVID-19, such insistence rings hollow when the movant is unwilling to counter that risk by resorting to something far more ordinary – taking the vaccine – than the extraordinary remedy of compassionate release he seeks." *United States v. Sterling Reneva Rivers*, Crim. No. 11-194, 2021 WL 1946644, at * 5 (M.D. Tenn. May 14, 2021).

For these reasons, I find that the Defendant has not demonstrated extraordinary and compelling reasons for release and I need not continue in my analysis. The Motion is denied.

BY THE COURT:

*/s/ Donetta W. Ambrose*
_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: June 29, 2021